**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\*\*\*

Debra Parris,

            Plaintiff,

vs.

Social Security Administration,

            Defendant.

2:13-cv-01410-JCM-VCF

**ORDER**

      Before the court is Plaintiff Debra Parris' Application to Proceed *In Forma Pauperis* (#1).

**I.**     ***In Forma Pauperis* Application**

      Plaintiff's Application to Proceed *In Forma Pauperis* (#1) states that she is unemployed, has Social Security Disability income of $379.00, and has $1.14 in her Wells Fargo Bank account. (Id.) Plaintiff's application also lists the following monthly expenses: (1) Rent: $715.00; (2) Food: $75.00; (3) Utilities: $30.00. (*Id*.)

      Pursuant to 28 U.S.C. § 1914(a), a filing fee of $350.00 is required to commence a civil action in federal district court. The court may authorize the commencement of an action without prepayment of fees and costs or security therefor, by a person who submits an affidavit that includes a statement showing the person is unable to pay such costs. 28 U.S.C. § 1915(a)(1). The standard in 28 U.S.C. § 1915(a)(1) for *in forma pauperis* eligibility is "unable to pay such fees or give security therefor." Determination of what constitutes "unable to pay" or unable to "give security therefor" and, therefore whether to allow a plaintiff to proceed *in forma pauperis*, is left to the discretion of the presiding judge, based on the information submitted by the plaintiff or plaintiffs. *See, e.g*., *Fridman v. City of New York*, 195 F.Supp.2d 534, 536 (S.D.N.Y.), *aff'd*, 52 Fed. Appx. 157 (2nd Cir. 2002).

## II. Screening the Complaint

Upon granting a request to proceed *in forma pauperis*, a court must additionally screen a complaint pursuant to § 1915(e). Specifically, federal courts are given the authority to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. § 1915(e)(2). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (internal quotations and citation omitted).

In considering whether the plaintiff has stated a claim upon which relief can be granted, all material allegations in the complaint are accepted as true and are to be construed in the light most favorable to the plaintiff. *Russell v. Landrieu*, 621 F.2d 1037, 1039 (9th Cir. 1980). Allegations of a *pro se* complaint are held to less stringent standards than formal pleading drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). When a court dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995) (citation omitted).

## III. Plaintiff's Complaint

Plaintiff's Complaint names the Social Security Administration as a Defendant. (#1-1). Plaintiff alleges that Defendant "took $391.00 of Plaintiff's total Social Security Income of $770.00 without any notice and failed to process her application for a formal hearing and appeal of her Social Security benefits." (*Id.*) Plaintiff further alleges that the Social Security Administration erroneously identified Plaintiff as a Las Vegas resident, which "caused Plaintiff's Supplemental Security Income to be taken

away." (*Id.*) Plaintiff also alleges that the Social Security Administration incorrectly debited $391.00 from her Social Security Disability account for monthly Medicare payments. (*Id.*)

On September 4, 2013, the court held a hearing on Plaintiff's complaint. During the hearing, the court established that the gravamen of Plaintiff's complaint alleges that the Social Security Administration deprived Plaintiff of her property interest in Social Security benefits without sufficient due process of law. *See, e.g.*, *Mathews v. Eldridge*, 424 U.S. 319 (1976). Plaintiff is not, in other words, appealing a final agency action or the Commissioner's denial of her application for Supplemental Security Income under XVI of the Social Security Act. 42 U.S.C. §§ 1381-82c.

To invoke this court's jurisdiction to hear Plaintiff's claim, Plaintiff cited Article V of the U.S. Constitution, 42 U.S.C. § 405(1), and 28 U.S.C. §§ 1343(a), 1983(a) (The Voting Rights Act). This was improper. (*See* (#1-1 at 1–2)). Because Plaintiff's Complaint raises a federal question under the due process clause of the Fifth Amendment, the court directed Plaintiff to amend her complaint and predicate the court's jurisdiction on 28 U.S.C. § 1331. The court further noted that Plaintiff is granted leave to amend her complaint to include recently discovered facts supporting an allegation of fraud.

For the reasons stated above, Plaintiff is granted leave to amend her Complaint. The amended complaint must cure the deficiencies listed above.

Accordingly, and for good cause shown,

IT IS ORDERED that plaintiff's Application to Proceed *In Forma Pauperis* (#1) is GRANTED.

IT IS FURTHER ORDERED that Plaintiff is permitted to maintain the action to conclusion without necessity of prepayment of any additional fees, costs, or security. This Order granting *in forma pauperis* status will not extend to the issuance of subpoenas at government expense.

IT IS FURTHER ORDERED that the Clerk of Court shall file the complaint.

IT IS FURTHER ORDERED that the Complaint will be dismissed without prejudice.

IT IS FURTHER ORDERED that Plaintiff, if she chooses to do so, must file an amended complaint not later than **30 DAYS** or the case may be dismissed with prejudice. Plaintiff is advised that under Local Rule LR 15-1 any amended complaint filed must be complete in itself without reference to prior filings. Thus, any allegations, parties, or requests for relief from prior papers that are not carried forward in the amended complaint will no longer be before the court.

DATED this 4th day of September, 2013.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE