# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA
***

DEBRA PARRIS,

        Plaintiff,

vs.

SOCIAL SECURITY ADMINISTRATION,

        Defendant.

2:13–cv–01410–JCM–VCF

**ORDER**

      Before the court is Plaintiff Debra Parris' amended complaint (#13), which the court must screen pursuant to 28 U.S.C. § 1915(e)(2)(i)–(iii). On August 7, 2013, Parris applied for leave to proceed *informa pauperis*, which the court granted. (*See* Order #9). On the same day, Parris also filed a complaint, which the court directed Parris to amend. (*Id.*)

      Parris' amended complaint alleges that the Social Security Administration reduced her benefits and that Parris timely submitted a "waiver of overpayment." (Amend. Compl. (#13) at 2:22–27). Parris further alleges that this should have triggered her right to a hearing before an Administrative Law Judge. (*Id.*) According to Parris' complaint, and exhibits that the court reviewed during its September 4, 2013 hearing, Parris submitted her request for a hearing by certified mail. (*See* Mins. Proceedings #8). To date, the Social Security Administration has not responded to Parris' request. As a result, Parris alleges that the Social Security Administration has violated her due process rights. (*See generally* Amend. Compl. #13)

      In general, a plaintiff must exhaust administrative remedies before filing suit. *See* 42 U.S.C. § 405(g); *see also Bass v. Social Sec. Admin.*, 872 F.2d 832, 833 (9th Cir. 1989) (per curium) ("Section 405(g) provides that a civil action may be brought only after (1) the claimant has been party to a hearing held by the Secretary, and (2) the Secretary has made a final decision on the claim"). However, waiver

of the exhaustion requirement is proper where—as here—the claim to be reviewed is" "(1) collateral to a substantive claim of entitlement; (2) colorable in its showing that refusal to grant the relief sought will cause an injury which retroactive payments cannot remedy; and, (3) one whose resolution would not serve the purposes of exhaustion." *Briggs v. Sullivan*, 886 F.2d 1132, 1139 (9th Cir.1989) (internal quotations omitted). Plaintiff must satisfy all three elements in order to qualify for the waiver. *See Kaiser v. Blue Cross of Ca.*, 347 F.3d 1107, 1115-16 (9th Cir. 2003); *see also Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curium) (stating that allegations of a *pro se* complaint are held to less stringent standards than formal pleading drafted by lawyers).

Parris' complaint satisfies this standard. First, her claim is collateral because she seeks administrative and/or judicial review, not a substantive claim to entitlement. Second, it is colorable because she has provided the court with evidence that she submitted her request for a hearing by certified mail, which was ignored or lost. Third, resolution of Parris' claim would not serve the purposes of exhaustion because Parris' complaint is, in essence, that she was never afforded the opportunity to exhaust administrative remedies.

ACCORDINGLY, and for good cause shown,

IT IS ORDERED that the Clerk of the Court file the Complaint (#13) and serve the Commissioner of the Social Security Administration by sending a copy of the summons and Complaint (#13) by certified mail to: (1) General Counsel, Social Security Administration, Room 611, Altmeyer Bldg., 6401 Security Blvd., Baltimore, Maryland 21235; (2) the Attorney General of the United States, Department of Justice, 950 Pennsylvania Avenue, N.W., Room 4400, Washington, D.C. 20530; and (3) Office of the Regional Chief Counsel, Region IX, Social Security Administration, 160 Spear St., Suite 899, San Francisco, CA 94105-1545.

IT IS FURTHER ORDERED that the Clerk of Court issue summons to the United States Attorney for the District of Nevada and deliver the summons and Complaint (#13) to the U.S. Marshal for service.

IT IS FURTHER ORDERED that from this point forward, plaintiff must serve upon Defendant, or his attorney if he has retained one, a copy of every pleading, motion, or this document submitted for consideration by the court.  Plaintiff must include with the original paper submitted for filing a certificate stating the date that a true and correct copy of the document was mailed to the defendants or their counsel.  The court may disregard any paper received by a district judge, magistrate judge, or the Clerk which fails to include a certificate of service.

IT IS SO ORDERED.

DATED this 13th day of January, 2014.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE