**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\*\*\*

| | |
|---|---|
| DEBRA PARRIS,<br><br>      Plaintiff,<br><br>vs.<br><br>SOCIAL SECURITY ADMINISTRATION,<br><br>      Defendant. | No. 2:13–cv–1410–JCM–VCF<br><br>**REPORT & RECOMMENDATION** |

  This matter involves *pro se* Plaintiff Debra Parris' challenge to the Social Security Administration's calculation of her supplemental security income benefits and her due process claim that the Administration allegedly deducted her benefits without notice and a hearing. (*See* Compl. #1-1); (Compl. #10); (Amend. Compl. #13[1]). Before the court is the Administration's motion to dismiss (#22). Parris opposed (#24); and the Administrated replied (#25). For the reasons stated below, the Administrations motion should be granted.

**BACKGROUND**

  Sometime before December 2012, Debra Parris lived in California. (Baker Decl. (#22-1) at ¶ 2) (citing April 17, 2013, Letter (#22-1) at 1). While residing in California, Parris received approximately $769.00 in supplemental security income benefits. (Pl.'s Opp'n (#24) at 2:8). The amount of benefits that Parris received during this time was based on, *inter alia*, her status as a California resident. (April 17, 2013, Letter (#22-1) at 2).

---

[1] Parenthetical citations refer to the court's docket.

On or about December 2012, Parris moved to Las Vegas, Nevada. (*Id.*) Because of the move, Parris lost her status as a California resident and the amount of her social security benefits changed. The move specifically affected Parris' Medicaid benefit. Accordingly, on April 17, 2013, the Social Security Administration sent Parris a letter notifying her of the changes, and stating: "The Medicaid program for the State you now live in may differ from the State you lived in formerly. If you have any questions about eligibility for Medicaid or need medical assistance, you should get in touch with the Nevada State Welfare Division district office." (*Id.*) The letter also notified Parris that (1) the Administration may be in touch with Parris about previous payments and (2) she has a right to appeal the Administration's findings. (*Id.* at 2–3). Although not stated explicitly, this language meant that the Administration may withdraw monies from Parris' account in order to correct overpayments previously made.

On April 24, 2013, the Administration sent Parris a second letter. (April 24, 2013, Letter (#22-1) at 1). This letter notified Parris that the Administration determined that Parris became ineligible for any supplemental security income benefits on February 2012. (*Id.*) Again, the Administration explained that Parris could appeal the Administration's determination if she disagreed. (*Id.*) The letter also explained that if Parris appealed within ten days, her benefits would not change until the Administrated resolved her appeal. (*Id.*)

Parris did not appeal the Administration's determination until June 10, 2013. (Notice of Appeal (#22-1) Exhibit C at 1). This caused Parris considerable inconvenience. On August 2, 2013, Parris attempted to withdraw money from a Wells Fargo ATM to pay her rent and discovered that approximately $314.00 was deducted from her checking account. (Pl.'s Opp'n (#24) at 1–2). Consequently, Parris filed suit on August 7, 2013.

Parris' administrative appeal of the Administration's determination that she is a Nevada resident and no longer entitled to supplemental security income benefits is still pending. (Def.'s Mot. to Dismiss

2

(#22) at 4–5). The Administration estimates that Parris's hearing will occur sometime in October 2014. (*Id*. at 5:1).

## LEGAL STANDARD

The U.S. Constitution limits a federal district court's subject-matter jurisdiction to actual cases or controversies. U.S. CONST. art. III, § 2. After the pleadings are closed—but early enough not to delay trial—a party may move to dismiss an action for lack of subject-matter jurisdiction. *See* FED. R. CIV. P. 12(b)(1), (c). Subject-matter jurisdiction does not exist if the plaintiff's action is moot or if the plaintiff lacks standing. *See DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 352 (2006).

The doctrines of standing and mootness are often thought of in terms of time: the requisite case or controversy that must exist at the commencement of the action for the plaintiff to have standing must continue throughout the lawsuit's lifespan. *See Friends of the Earth, Inc. v. Laidlaw Envtl. Servs*., Inc., 528 U.S. 167, 180 (2000). If, at any time, the action becomes moot or the plaintiff lacks standing, then the court lacks subject-matter jurisdiction and the action must be dismissed. *See* FED. R. CIV. P. 12(h)(3).

## DISCUSSION

After reviewing the parties' pleadings and papers, the court finds that Parris lacks standing and her action is now moot. On August 7, 2013, Parris commenced this action because the Administration had allegedly made a final decision to reduce Parris' social security benefits without due process. (*See* Compl. #1-1); (Compl. #10); (Amend. Compl. #13); (*see also* Order (#14) at 2: 9–14). The record now reflects that Administration's decision was not final and that the process Parris seeks will be given to her in October 2014. (Def.'s Mot. to Dismiss (#22) at 5:1). This means that Parris no longer has standing because the Commissioner has not entered a final decision, *see* 42 U.S.C. § 405(g), and that Parris' action is moot because the Administration will give Parris the relief she requests here. Therefore, the court must dismiss because it lacks subject-matter jurisdiction. *See* FED. R. CIV. P. 12(h)(3).

ACCORDINGLY, and for good cause shown,

IT IS RECOMMENDED that the Administration's motion to dismiss (#22) be GRANTED.

IT IS SO RECOMMENDED.

**NOTICE**

Pursuant to Local Rules IB 3-1 and IB 3-2, a party may object to orders and reports and recommendations issued by the magistrate judge. Objections must be in writing and filed with the Clerk of the Court within fourteen days. LR IB 3-1, 3-2. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).

Pursuant to Local Special Rule 2-2, the Plaintiff must immediately file written notification with the court of any change of address. The notification must include proof of service upon each opposing party of the party's attorney. **Failure to comply with this Rule may result in dismissal of the action**. *See* LSR 2-2 (emphasis added).

DATED this 27th day of June, 2014.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE