UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| DEBRA PARRIS,<br><br>　　　　　　　Plaintiff,<br><br>　v.<br><br>SOCIAL SECURITY ADMINISTRATION,<br><br>　　　　　　　Defendant. | Case No. 2:13-cv-01410-RFB-VCF<br><br>**ORDER ADOPTING REPORT & RECOMMENDATION OF MAGISTRATE JUDGE CAM FERENBACH** |

## I.    INTRODUCTION

Before the Court for consideration is the Report and Recommendation of the Honorable Cam Ferenbach, United States Magistrate Judge, entered June 27, 2014 (ECF No. 26), that Defendant Social Security Administration's Motion to Dismiss (ECF No. 22) should be granted. Plaintiff Debra Parris filed objections to the Report and Recommendation (ECF No. 27), and the Social Security Administration ("Administration") responded. The Court has conducted a *de novo* review of the record and, as set forth below, adopts the Report and Recommendation and grants the Administration's Motion to Dismiss.

## II.    BACKGROUND

Sometime before December 2012, Parris lived in California. Decl. of Jill Baker in Supp. of Def.'s Mot. Dismiss ("Baker Decl."), Ex. A, June 2, 2014, ECF No. 22. While residing in California, Parris received approximately $769.00 per month in combined Social Security and Supplemental Security Income (SSI) benefits. Pl.'s Opp'n Mot. Dismiss at 2, June 17, 2014, ECF

1  No. 24 ("Pl.'s Opp'n"). The amount of benefits that Parris received during this time was based
2  on, *inter alia*, her status as a California resident. Baker Decl., Ex. A at 2.

3  In a letter dated April 17, 2013, the Administration informed Parris that it had determined
4  she had moved to Nevada as of December 2012. Id. Because of this determination, Parris lost
5  her status as a California resident and, because SSI payments vary depending on where
6  individuals live, the amount of her monthly social security and SSI benefits changed.
7  Specifically, the Administration's letter included calculations showing that as of December 2012,
8  Parris's monthly SSI benefit was $0.00. Id. at 9-11. In other words, Parris's monthly SSI benefit
9  was reduced to nothing as of the date when the Administration determined she moved to Nevada.

10  In the same letter, the Administration informed Parris that it would stop her SSI payments
11  beginning in May 2013 and that it "may be in touch with [Parris] later about any payments [the
12  Administration] previously made." Id. at 1-2. This language suggested that the Administration
13  may attempt at a later date to recover overpayments made to Parris after she allegedly moved to
14  Nevada and had her SSI benefits eliminated. Finally, the letter informed Parris of her right to
15  appeal and instructed her how to do so. Id. at 3-5. The letter specifically stated that if the
16  Administration received a written appeal within ten days of Parris's receipt of the letter, it would
17  not change her payment amount until after it decided her appeal. Id. at 3.

18  In a second letter dated April 24, 2013, the Administration notified Parris that it had
19  determined she had begun living in Nevada as of February 2012. Baker Decl., Ex. B at 1-2. The
20  second letter calculated Parris's monthly SSI benefit to be $0.00 starting in February 2012 and
21  continuing onward. Id. at 11-22. This letter gave Parris the same notice of her appellate rights as
22  the first letter, including that her benefits would not change until her appeal had been decided if
23  she did so within ten days. Id. at 3-5. The letter also stated that this decision "replaces all earlier
24  decisions for the above periods." Id. at 3.

25  Parris appealed the Administration's decision in a Request for Reconsideration signed on
26  June 3, 2013 and stamped as received by the Administration on June 10, 2013. Baker Decl., Ex.
27  C. In her request, Parris stated that she was not a resident of Las Vegas, Nevada, that she still
28  lived in California, and that she traveled between California and Nevada every thirty days to

1  receive medical treatment in each state relating to injuries she suffered as a result of separate hit-
2  and-run auto accidents occurring in both states. Id. Parris attached copies of medical bills from
3  Nevada-based treatment providers and insurance companies to her Request for Reconsideration.
4  Id. On June 3, 2013, Parris also submitted a Request for Waiver of Overpayment Recovery or
5  Change in Repayment Rate form, which the Administration did not stamp as received until
6  September 10, 2013. Baker Decl., Ex. E. In her request for a waiver of the Administration's
7  overpayment, Parris stated that she informed the Administration of the injuries she had sustained
8  and the medical care she was receiving and that she no longer had the overpaid funds in her
9  possession. Id.
10  On October 17, 2013, Parris submitted a Request for Hearing by Administrative Law
11  Judge. Baker Decl., Ex. H. In her request for hearing, Parris stated that money had been taken
12  out of her monthly benefits check without a hearing, which she had requested. Id. Parris also
13  stated that she had been given a hearing date but the Administration refused to change it, despite
14  Parris leaving multiple messages requesting a change due to illness. Id.
15  In letters dated October 30, 2013 and November 6, 2013, the Administration denied
16  Parris's Request for Waiver of Overpayment Recovery and her Request for Reconsideration,
17  respectively. Baker Decl., Ex. G, D. Both letters instructed Parris as to her right to appeal the
18  Administration's decision.
19  On May 28, 2014, the Administration sent Parris a letter acknowledging her request for a
20  hearing before an administrative law judge (ALJ). Decl. of Miki Taguchi in Supp. of Def.'s Mot.
21  Dismiss ("Taguchi Decl."), Ex. A, June 2, 2014, ECF No. 22. The letter informed Parris that she
22  would be given notice at least 20 days prior to the hearing date and provided more information
23  on the hearing process. Id. A supervisor at the Administration's Las Vegas Hearing Office
24  attested that Parris would have the opportunity at her hearing to address the Administration's
25  decision regarding her SSI benefits as well as its decision regarding her request for waiver of
26  overpayment collection. Taguchi Decl., ¶ 4. The supervisor estimated that Parris's hearing would
27  take place in October 2014. Id. ¶ 5.
28

Parris filed a complaint and application for a temporary restraining order and preliminary injunction in this Court on August 7, 2013. ECF No. 1. Parris's application for leave to proceed *in forma pauperis* was granted on September 4, 2013, and her complaint was entered in the docket on that date. ECF Nos. 9, 10. Her motions for a temporary restraining order and preliminary injunction were denied with prejudice on September 5, 2013. Am. Minute Order in Chambers of the Hon. Magistrate Judge Cam Ferenbach, Sept. 5, 2013, ECF No. 12. On October 4, 2013, Parris filed an Amended Complaint into which she incorporated by reference the allegations made in her Complaint. ECF No. 13.

Parris's Complaint states that she is a temporary resident of Nevada and that on August 3, 2013, the Administration deducted $391.00 from her Social Security Disability check to pay for Medicare premiums without providing her a hearing as requested. Compl. at 2, 4-5. Parris's Amended Complaint further states that she was informed on August 22, 2013 by the Administration's North Las Vegas District Office that she had agreed to a monthly deduction of $104.00 from her Social Security Disability income to pay for Medicare insurance premiums. Am. Compl. at 2. In addition, Parris states that an additional $77.00 was deducted from her monthly check in August and September of 2013. Id. Parris claims that these deductions were made without providing her a hearing, without issuing a decision on her request for waiver of overpayment collection, and without considering how much she could afford to repay. Id. Parris asks that this Court find that the Administration violated the Social Security Act and her due process rights. Compl. at 6. Parris also requests that the Administration be enjoined from further violations or reductions in her benefits until she has been granted a formal hearing before the Administration. Id.

### III.   LEGAL STANDARD

A district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). A party may file specific written objections to the findings and recommendations of a magistrate judge. 28 U.S.C. § 636(b)(1); Local Rule IB 3-2(a). When written objections have been filed, the district court is

required to "make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); see also Local Rule IB 3-2(b). Where a party fails to object, however, a district court is not required to conduct "any review," *de novo* or otherwise, of the report and recommendations of a magistrate judge. Thomas v. Arn, 474 U.S. 140, 149 (1985).

Here, objections have been filed to the Report and Recommendation which recommended granting the Administration's Motion to Dismiss on the grounds that the pending hearing before an ALJ rendered Parris's action moot. Accordingly, the Court has conducted a *de novo* review.

After the pleadings are closed—but early enough not to delay trial—a party may move to dismiss an action for lack of subject-matter jurisdiction based on mootness or a lack of standing. See Fed. R. Civ. P. 12(b)(1). Federal courts are courts of limited jurisdiction, and possess power only as authorized by the Constitution and by statute. Gunn v. Minton, 133 S.Ct. 1059, 1064 (2013) (citation omitted). Subject-matter jurisdiction does not exist if the plaintiff's action is moot or if the plaintiff lacks standing. See DaimlerChrysler Corp. v. Cuno, 547 U.S. 332, 352 (2006). If the court determines that it does not have subject matter jurisdiction, it must dismiss the case. Fed. R. Civ. P. 12(h)(3).

If subject matter jurisdiction is challenged, the burden is on the party asserting jurisdiction to establish it. In re Dynamic Random Access Memory Antitrust Litigation, 546 F.3d 981, 984 (9th Cir. 2008) (citations omitted). Dismissal under Rule 12(b)(1) is appropriate if the complaint, considered in its entirety, fails to allege facts on its face that are sufficient to establish subject matter jurisdiction. Id. at 984-85. Where, as here, the challenge to subject matter jurisdiction takes the form of a "factual" attack, the court may consider evidence outside the pleadings and "[t]he plaintiff bears the burden of proving by a preponderance of the evidence that each of the requirements for subject-matter jurisdiction has been met." Leite v. Crane Co., 749 F.3d 1117, 1121 (9th Cir. 2014). When faced with a factual attack, the court may resolve factual disputes itself unless the existence of jurisdiction turns on the resolution of factual issues that go to the substantive merits of the action. Id. at 1121-22; Safe Air for Everyone v. Meyer, 373 F.3d 1035, 1039 (9th Cir. 2004). In that case, the court should not grant a motion to dismiss

pursuant to Rule 12(b)(1) unless the allegations in the complaint are frivolous. Id. at 1039-40 (quoting Thornhill Publ'g Co. v. Gen. Tel. & Elec. Corp., 594 F.2d 730, 734 (9th Cir. 1979)).

### IV. DISCUSSION

The Court has conducted a *de novo* review of the filings in this case, including the papers related to the Administration's motion to dismiss and Parris's objections to the Report and Recommendation. In the Report and Recommendation, Judge Ferenbach found that the Court lacked subject matter jurisdiction over this case because Parris's pending hearing shows that the Commissioner of the Administration has not yet entered a final decision, which is required in order for this Court to possess subject matter jurisdiction under the Social Security Act. See 42 U.S.C. § 405(g). The Court sees no basis to disturb Judge Ferenbach's finding and therefore adopts it in full.

In her written objection to the Report and Recommendation, Parris argues that judicial review is permitted without exhaustion of administrative remedies under the Administrative Procedure Act (APA), 5 U.S.C. § 706, or that there is some other basis for not requiring exhaustion in this instance. See Obj. to Report & Recommendation, July 11, 2014, ECF No. 27. The Court does not agree. First, "the APA does not afford an implied grant of subject-matter jurisdiction permitting federal judicial review of agency action." Califano v. Sanders, 430 U.S. 99, 107 (1977). In Califano, the Supreme Court considered the question of whether a litigant whose claim was barred under the Social Security Act could nonetheless proceed under an independent grant of jurisdiction provided by the APA. The Court answered in the negative, noting that Congress's decision in 1976 to expand jurisdiction under 28 U.S.C. § 1331, combined with its retention of § 405(h) of the Social Security Act, indicated its intention that the APA not be construed as an independent ground of subject-matter jurisdiction. Id. at 106-07. Accordingly, Parris cannot establish subject-matter jurisdiction of her claim under the APA.

Further, the Social Security Act is the exclusive method of judicial review applicable to Parris's case. Section 405(h) of the Act states, in relevant part: "No findings of fact or decision of the Commissioner of Social Security shall be reviewed by any person, tribunal, or

governmental agency except as herein provided. No action against the United States, the Commissioner of Social Security, or any officer or employee thereof shall be brought under section 1331 or 1346 of Title 28 to recover on any claim arising under this subchapter." 42 U.S.C. § 405(h). The Supreme Court has held that Section 405(h) establishes an exclusive judicial review mechanism for claims arising under the Act, except where its application "would not simply channel review through the agency, but would mean no review at all." Shalala v. Ill. Council on Long Term Care, Inc., 529 U.S. 1, 10, 19 (2000).

Second, Parris has not exhausted administrative remedies as required by the Social Security Act and the exception to the Act's exhaustion requirement does not apply here. Ordinarily, judicial review under the Act is available "after any final decision of the Commissioner of Social Security made after a hearing to which he was a party." 42 U.S.C. § 405(g). A "final decision" requires both presentment of a claim for benefits and exhaustion of administrative remedies. Cassim v. Bowen, 824 F.2d 791, 794 (9th Cir. 1987). It is undisputed that the first criterion is met—Parris has presented a claim for benefits by "contesting tentative agency determinations." Id. (citing Mathews v. Eldridge, 424 U.S. 319, 329 (1976)). However, at the time the Report and Recommendation was filed, Parris still had not exhausted available administrative remedies, as her hearing before the ALJ was still pending. The Administration has instituted a four-step administrative review process, consisting of an initial determination, reconsideration, a hearing before an ALJ, and Appeals Council review, after which the Administration's decision is "final." 20 C.F.R. § 416.1400(a)(1)-(5). The Court does not possess any new information as to whether Parris's hearing has occurred or, if so, whether she has submitted an appeal to the Appeals Council. Therefore, it cannot conclude that she has exhausted her administrative remedies at this time.

Additionally, the exception to the exhaustion requirement is inapplicable here. Exhaustion is not required under the Act where a plaintiff makes a constitutional claim that is "(1) collateral to a substantive claim of entitlement, (2) colorable, and (3) one whose resolution would not serve the purposes of exhaustion." Hoye v. Sullivan, 985 F.2d 990, 991 (9th Cir. 1993) (citations omitted) (internal quotation marks omitted). Here, Parris satisfies the first and

- 7 -

1  second prongs. Parris's due process claim is collateral, as it is "not essentially a claim for
2  benefits." Johnson v. Shalala, 2 F.3d 918, 921 (9th Cir. 1993). Parris's claim does not contest the
3  Administration's substantive determination of the amount by which to reduce her benefits check,
4  but rather the fact that her check was reduced without a hearing. See Compl. at 4:25-5:6, 5:15-
5  22, incorporated by reference in Am. Compl. at 1.

6  Parris's claim is also colorable. "A claim is colorable if it is not wholly insubstantial,
7  immaterial, or frivolous." Cassim, 824 F.2d at 795 (citation omitted) (internal quotation marks
8  omitted). The Court does not find Parris's constitutional claim to be frivolous or insubstantial.
9  Parris has adequately alleged facts that could potentially lead to a finding that the Administration
10 deducted monies from her monthly benefits check without adequate notice or opportunity to be
11 heard, and that "because of [her] physical condition and dependency upon the disability benefits,
12 an erroneous termination would damage [her] in a way not recompensable through retroactive
13 payments." Mathews, 424 U.S. at 331; see also Kildare v. Saenz, 325 F.3d 1078, 1083 (9th Cir.
14 2003) ("[E]conomic hardship constitutes irreparable harm: back payments cannot erase either the
15 experience or the entire effect of several months without food, shelter or other necessities.")
16 (citation omitted) (internal quotation marks omitted).

17 However, Parris fails to satisfy the third prong. The exhaustion requirement will not be
18 waived unless allowing the agency the opportunity to correct itself through the review process
19 would not serve the purposes of exhaustion—namely, enabling the agency to compile a detailed
20 record and apply its own expertise, allowing the agency an opportunity to correct any errors it
21 may have made, and conserving judicial resources. Johnson, 2 F.3d at 922. Here, requiring
22 exhaustion will allow the Administration to "correct its own errors through administrative
23 review," to the extent that it made any errors. Kildare, 325 F.3d at 1084. Parris asserts that funds
24 were deducted from her benefits check without a hearing or other opportunity to contest the
25 Administration's finding that she became a resident of Nevada. However, Parris will have
26 precisely that opportunity when she appears before an ALJ at her hearing. Thus, the third prong
27 required for judicial waiver of section 405(g)'s exhaustion requirement counsels against finding
28 a waiver in this case, as allowing Parris's claim to proceed at the administrative level serves the

purposes of exhaustion. Accordingly, the Court does not waive the Act's exhaustion requirement and lacks subject-matter jurisdiction to hear this case, as it is not presented with a "final decision" as required by section 405(g).

As the Court does not possess subject-matter jurisdiction over the instant case, it must dismiss the action. Fed. R. Civ. P. 12(h)(3). However, because Parris's hearing before the ALJ was scheduled to occur this past October, it is possible that she has exhausted administrative remedies since the Report and Recommendation was filed. Accordingly, Parris shall have an opportunity to amend her complaint within 45 days of this Order with evidence demonstrating that she has exhausted administrative remedies, including a decision by the ALJ following her hearing and a decision on any request for Appeals Council review. If she cannot do so within 45 days, Parris's Amended Complaint shall be dismissed without leave to amend. Any such dismissal, however, shall not preclude Parris from refiling her Complaint in the future at such time as she successfully exhausts her administrative remedies.

## V.     CONCLUSION

**IT IS HEREBY ORDERED** that the Report and Recommendation (ECF No. 26) is ADOPTED in full.

**IT IS FURTHER ORDERED** that Defendant Social Security Administration's Motion to Dismiss (ECF No. 22) is GRANTED.

**IT IS FURTHER ORDERED** that Plaintiff Debra Parris's Amended Complaint (ECF No. 13) is DISMISSED with leave to amend. Plaintiff shall have until **March 6, 2015** to submit a Second Amended Complaint with evidence that she has fully exhausted available administrative remedies. If she does not do so, this case shall be dismissed without prejudice to Plaintiff re-filing her complaint at such time as she has successfully exhausted all available administrative remedies.

**DATED** this 21st day of January, 2015.

_____
**RICHARD F. BOULWARE, II**
**UNITED STATES DISTRICT JUDGE**